UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,     Criminal No. 14-373 MJD/JJK

    Plaintiff,

v.     **REPORT AND RECOMMENDATION**

(1) Thurlee Belfrey,
(2) Roylee Belfrey,

    Defendants.

    Robert M. Lewis, Esq., Assistant United States Attorney, for the plaintiff, United States of America;
    Deborah K. Ellis, Esq., for defendant Thurlee Belfrey; and
    Kevin W. DeVore, Esq., for defendant Roylee Belfrey.

This action came on for hearing before the Court, Magistrate Judge Jeffrey J. Keyes, on October 23, 2015, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101 on Defendants' motions to dismiss the superseding indictment. The original two count indictment (Doc. No. 1) contained charges of health care fraud and conspiracy to defraud the United States with regard to claims for payments for health care services under Medicare and Medicaid. The superseding indictment added a third charge of conspiracy to defraud the United States with respect to the assessment and collection of income and employment taxes (Doc. No. 64).

This Court previously recommended that motions to suppress statements and search and seizure evidence by both Defendants be denied. The Report and

Recommendation (Doc. No. 56) was adopted and the suppression motions were denied by Order of the District Court dated August 17, 2015 (Doc. No. 63). The motions to dismiss that are now before this Court are considered on the oral and written arguments of the parties and will be submitted to the District Court on Report and Recommendation.

Based upon the file and documents contained therein, along with arguments presented at the hearing, and the memoranda of counsel, this Court makes the following:

**I.      FINDINGS AND CONCLUSIONS**

Defendants Thurlee Belfrey and Roylee Belfrey have filed identical motions to dismiss the superseding indictment. Defendants contend that the superseding indictment lacks probable cause and should be dismissed because the pleading fails to identify how the alleged actions of either defendant constituted an attempt to conceal information from the government and fails to show how alleged purchases and money transfers facilitated a conspiracy to commit fraud. The Defendants also assert that the grand jury process was flawed and the superseding indictment should be dismissed because the grand jury was not informed of exculpatory evidence consisting of a Department of Justice decision declining to indict them on tax fraud charges. Finally, counsel for Defendant Thurlee Belfrey suggested at the hearing that her client had engaged

in conversations with IRS officials in an effort to establish a tax payment plan, and such efforts may constitute exculpatory evidence as well.

  **A. Probable Cause.**  Defendants' motions to dismiss merely assert that the superseding indictment does not state probable cause because it lacks admissible evidence to sufficiently establish the offenses charged and the facts stated in the superseding indictment do not constitute an offense.  Defendants offer no argument whatsoever as to the requirements of an indictment, the elements of the offenses, or specific deficiencies in the superseding indictment.

  Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that an "indictment [ ] must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ."  The character of the evidence considered by the grand jury does not affect the validity of the indictment. *United States v. Cassandra*, 414 U.S. 338, 344-45 (1974).  And it is well-settled that an indictment is not subject to attack based on sufficiency of the evidence presented to the grand jury. *United States v. Nelson,* 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956)).

  The superseding indictment here satisfies the requirements of Rule 7(c)(1) and is not open to challenge for lack of probable cause or other claim relating to the character of the evidence.  The pleading names specific health care businesses owned and operated by the Defendants, asserts that Medicaid is

a source of revenue for the Defendants' businesses, and alleges Defendant Thurlee Belfrey's exclusion from participation in federal health care programs based on a previous Medicaid fraud conviction. The indictment explains how Defendants arranged for the incorporation of a new company and concealed Defendant Thurlee Belfrey's involvement in the enterprise. As to the tax fraud charge, the superseding indictment generally described methods used to conceal income with the participation of an accountant; alleged that payroll deductions were withheld from employees, but not paid to the United States; asserts that false IRS forms were filed; and recites numerous specific overt acts that were done in furtherance of a conspiracy in violation of 18 U.S.C. § 371.

The superseding indictment states the essential elements of each of the offenses and is sufficient to advise the Defendants of the charges against each of them. Defendants' motions for dismissal of the superseding indictment based on claims relating to probable cause and statement of an offense should be denied.

**B. Exculpatory Evidence.** Counsel for Defendant Roylee Belfrey asserts by way of affidavit (Doc. No. 82, Devore Aff.) that he participated in discussions with attorneys from the Department of Justice – Tax Division regarding a request by the Minnesota U.S. Attorney's Office to bring Title 26 tax charges[1] against Defendant Roylee Bailey. Counsel states his understanding

---

[1] Title 26 of the United States Code is the Internal Revenue Code. Defendants do not indicate any specific provision of Title 26 that might have been under review by the DOJ – Tax Division. Counts 1 and 2 of the original

that Title 26 charges would have been prosecuted by the Department of Justice ("DOJ"), and that the DOJ must have declined to prosecute a Title 26 fraud charge, thereby leaving the Minnesota U.S. Attorney's Office only the option of pursuing fraud conspiracy charges under 18 U.S.C. § 371,[2] as alleged in the superseding indictment. *Id.* Counsel contends that the DOJ's decision to decline prosecution of Title 26 charges is exculpatory evidence that should have been presented to the grand jury. In opposition, the government argues that the prosecutor had no obligation to present exculpatory evidence to the grand jury, and the failure to do so as alleged by the Defendants is of no consequence. Also, the government acknowledges that tax prosecutions must be approved by the Tax Division of the DOJ pursuant to 28 C.F.R. § 0.70, but states that such charges are typically prosecuted by the local U.S. Attorney's Office, not the DOJ, and that approval of a charge of conspiracy to defraud under 18 U.S.C. § 371 was in fact given in this case by the DOJ Tax Division.[3]

---

indictment and the superseding indictment allege health care fraud in violation of Title 18 U.S. Code, §§ 286 and 1347.

[2] 18 U.S.C. § 371 generally prohibits conspiracy to commit any offense against the United States, or to defraud the United States, or any agency of the United States. "A charge of conspiracy to defraud the United States by impeding the function of the Internal Revenue Service in the function of assessing and collecting taxes, commonly known as a '*Klein* conspiracy,' is not brought under Title 26, but under 18 U.S.C. § 371." (Gov't Suppl. Br., n.2 (Doc. No. 87).

[3] At the hearing the government submitted a redacted letter from the U.S. DOJ – Tax Division to the Minnesota U.S. Attorney's Office expressly stating that the Tax Division had determined that the prosecution of Thurlee Belfrey and

The Supreme Court has unequivocally held that the prosecutor is not required to present exculpatory evidence to the grand jury. *United States v. Williams*, 504 U.S. 36, 51-54 (1992) (discussing the historical role of the grand jury). In *Williams*, the Court reiterated its opinion in *Costello v. United States*, 350 U.S. at 364 that review of facially valid indictments on grounds that the prosecutor's presentation was incomplete or misleading "would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it]." *Williams* at 54. Even the dissent in *Williams* agreed that the prosecutor is not required to place all exculpatory evidence before the grand jury, *Id.* at 69, but took the position that an indictment would be properly dismissed "if the withheld evidence would plainly preclude a finding of probable cause." *Id.* at 70. Even if the DOJ Tax Division declined to approve charging the Defendants with a Title 26 tax crime, such as income tax evasion, false statements in tax documents, or failure to pay over withheld employment taxes, the prosecution was not required to present this allegedly exculpatory evidence to the grand jury. Nor was the prosecution required to present to the grand jury any prior efforts by the Defendants to negotiate a tax payment plan with the IRS. Defendants' motions to dismiss the superseding indictment for failure by the prosecution to present exculpatory evidence to the grand jury should be denied.

---

Roylee Belfrey pursuant to 18 U.S.C. § 371, conspiracy to defraud, is authorized. Defendants moved for production of the entire, unredacted letter (Doc. No. 86). This Court will address that motion in a separate order.

Based upon the foregoing Findings and Conclusions, this Court makes the following:

## II.   RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Roylee Bailey's Motion to Dismiss Superseding Indictment Pursuant to Fed. R. Crim. P. 12(b)(3)(iii) and (v) be **DENIED** (Doc. No. 72); and

2. Defendant Thurlee Bailey's Motion to Dismiss Superseding Indictment Pursuant to Rules 12(b)(3)(iii) and (v), Fed. R. Crim. P. be **DENIED** (Doc. No. 79)

Dated:   November 17, 2015

  s/*Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.