UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-373 ADM/TNL

Thurlee Belfrey (1), and Roylee Belfrey (2),

      Defendants.

___

Robert M. Lewis, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Deborah K. Ellis, Esq., Ellis Law Office, Saint Paul, MN, on behalf of Defendant Thurlee Belfrey.

Kevin W. DeVore, Esq., Larson King, LLP, Saint Paul, MN, on behalf of Defendant Roylee Belfrey.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendants Thurlee Belfrey and Roylee Belfrey's (collectively, "Defendants ") Joint Objections [Docket No. 118] to Magistrate Judge Jeffrey J. Keyes' February 19, 2016 Order [Docket No. 114] (the "Order") denying Defendants' Motions for a Bill of Particulars [Docket Nos. 107, 108]. For the reasons set forth below, Defendants' Joint Objections are overruled.

## II. BACKGROUND

Defendants are named in a multi-count indictment alleging that they conspired to commit health care and tax fraud. See generally 2d Superseding Indictment [Docket No. 96]. In September 2015, Defendants challenged the sufficiency of the First Superseding Indictment [Docket No. 64] in separate motions to dismiss [Docket Nos. 72, 79], arguing that the Indictment

lacks admissible evidence to sufficiently establish the offenses charged and that the Indictment allegations do not constitute an offense. Both motions were denied. See Dec. 22, 2015 Order [Docket No. 95].

On February 3, 2016, Defendants filed their motions for a bill of particulars. Defendants sought specific information concerning: (1) the manner and means by which each defendant failed to truthfully account for withheld taxes; (2) the obligation for accounting and paying withheld taxes for entities in which a particular defendant held no interest; (3) the means and manner in which each defendant violated 42 U.S.C. § 1320a-7(i)(3); (4) identification of the law which criminalizes Thurlee Belfrey's concealment of his association with Model Health Care or Integrated; (5) the manner and means of Thurlee Belfrey's concealment of his association with Model Health Care or Integrated; (6) the manner and means by which Roylee Belfrey cooperated in Thurlee Belfrey's concealment of his association with Model Health Care or Integrated; (7) the manner and means by which Roylee Belfrey participated in naming the owner of Model; and (8) details regarding Thurlee Belfrey being an alleged manager or owner of Integrated. Judge Keyes denied the motions after concluding that the Second Superseding Indictment "is sufficient to advise the defendants of the charges, prevent surprise or prejudice at trial, and to protect each defendant from double jeopardy." Order at 3.

On March 2, 2016, Defendants filed these Joint Objections, arguing that Judge Keyes applied the incorrect standard to decide their motions.

### III. DISCUSSION

**A. Standard of Review**

The standard of review applicable to an appeal of a magistrate judge's order on a

nondispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).

**B. Defendants' Objections**

Defendants argue that Judge Keyes erred by applying the incorrect standard when he decided their motions. Specifically, Defendants argue that Judge Keyes based his decision on the standard for determining whether an indictment is legally sufficient rather than the standard for determining whether a bill of particulars is warranted under the circumstances. Joint Objs. at 2.

A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or prosecutor." United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (quoting United States v. Hernandez, 299 F.3d 984, 989–90 (8th Cir. 2002)). However, a bill of particulars is not a tool for discovery and "is not to be used

to provide detailed disclosure of the government's evidence at trial." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).

Federal Rule of Criminal Procedure 7(f) states that a court "may" order the government to file a bill of particulars. But Rule 7(f) does not provide any guidance as to how a court should decide whether a bill of particulars is appropriate in a given case. United States v. Johnson, 225 F. Supp. 2d 982, 990 (N.D. Iowa 2002).

The Eighth Circuit has stated that the decision to order a bill of particulars is left to the broad discretion of the trial court. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). "So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion." Id. at 1345–46. Accordingly, at the pre-trial stage, courts considering whether to grant a motion for a bill of particulars ask whether the defendant has been adequately informed of the charges such that he can prepare a defense and avoid surprise at trial. See United States v. Cree, No. 12–26, 2012 WL 6194395, at *6 (D. Minn. Dec. 12, 2012); Johnson, 225 F. Supp. 2d at 992; United States v. Agard, 531 F. Supp. 2d 1072, 1074 (D.N.D. 2008).

Judge Keyes correctly applied this standard to Defendants' motions. He examined the Indictment and concluded that it is "sufficient to advise the defendants of the charges, prevent surprise or prejudice at trial, and to protect each defendant from double jeopardy." Order at 3. This conclusion closely tracks the standard articulated by courts in the Eighth Circuit for motions for a bill of particulars. See Maull, 806 F.2d at 1345; Hernandez, 299 F.3d at 989–90; Cree, 2012 WL 6194395, at *6; Johnson, 225 F. Supp. 2d at 992.

Contrary to Defendants' argument, Judge Keyes' use of the term "sufficient" does not suggest that he confused Defendants' motion for a bill of particulars with a challenge to the legal sufficiency of the Indictment. "Sufficient" in this context means Judge Keyes found that the Indictment provides Defendants adequate notice of the charges, making a bill of particulars unnecessary. Other courts have used "sufficient" in the same sense. See United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993) ("The indictment sufficiently informed Sileven of the nature of the charges against him, and the district court properly denied the bill."); Johnson, 225 F. Supp. 2d at 992 ("[T]he 'sufficiency of the indictment,' when the issue is whether or not to require a bill of particulars, turns on whether or not the indictment fairly informs the defendant of the charges such that the defendant can prepare a defense, thus avoiding surprise at trial, can assert double jeopardy, or both.").

Judge Keyes' decision is not contrary to law or clearly erroneous. The Indictment includes enough information to adequately inform Defendants of the charges against them to enable the preparation of a defense and avoid surprise at trial. With respect to the health care fraud allegations, the Indictment identifies by name the businesses through which Defendants allegedly obtained reimbursements from Medicaid in violation of Thurlee Belfrey's 2004 exclusion order. See 2d Superseding Indictment ¶¶ 1–10. With respect to the tax fraud allegations, the Indictment identifies by date, tax reporting quarter, and employer name the alleged failures to account for and pay over withheld federal taxes. See id. ¶ 34. This level of detail matches that in other cases where the court denied a motion for a bill of particulars. See United States v. Afremov, No. 6–196, 2007 WL 2475972, at *2–3 (D. Minn. Aug. 27, 2007) (affirming denial of motion for bill of particulars in case alleging fraud and conspiracy)

("[W]hile the alleged concealment efforts, standing alone, lack the precision of the alleged fraudulent transactions, the Court finds they are sufficient in context to inform the defendants of the nature and the essential facts of the charges against them."); Agard, 531 F. Supp. 2d at 1074–75 (denying motion for bill of particulars specifying dates on which alleged sexual abuse occurred where the indictment already identified "a certain time frame, one victim, and certain sexual acts").

The cases Defendants cite in their Joint Objections do not mandate a different result. Although Defendants cite multiple cases in which a court granted a motion for a bill of particulars identifying alleged co-conspirators, "numerous cases can also be found in which the court denies such a motion." United States v. Hogeland, No. 10–61, 2010 WL 3905844, at *2 (D. Minn. Sept. 29, 2010) (collecting cases). Likewise, courts have reached opposite conclusions as to whether extensive discovery weighs for or against granting a motion for a bill of particulars. Compare United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) (holding that the district court abused its discretion in denying motion for a bill of particulars because "[t]he Government did not fulfill its obligation merely by providing mountains of documents") with United States v. Barnes, 158 F.3d 662, 666 (2d Cir. 1998) (holding that the district court did not abuse its discretion in denying motion for a bill of particulars because "the Government had provided the defendants with extensive additional information concerning their alleged involvement in the charged offenses").

Judge Keyes applied the correct standard and reached a reasonable result. The Order denying Defendants' motions for a bill of particulars is neither contrary to law nor clearly erroneous.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Joint Objections [Docket No. 118] are **OVERRULED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 1, 2016.